IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**URSULA LENHARDT,**

   **Plaintiff,**

v.

**DEMOCRATIC PARTY HQ, et al.,**

   **Defendants.**

Case No. 21-4001-DDC-ADM

## MEMORANDUM AND ORDER

Before the court is plaintiff Ursula Lenhardt's pro se Motion for Extension of Time to File a Response (Doc. 7) to Magistrate Judge Mitchell's Report and Recommendation ("R&R") (Doc. 5).[1] As the court will explain, Ms. Lenhardt's Motion for Extension of Time (Doc. 7) is granted.

Judge Mitchell entered her R&R on February 25, 2021. Doc. 5 at 15. And, it explained that 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. Rule 72.1.4(b) permit plaintiff to "file written objections to this report and recommendation within fourteen days after being served with a copy." *Id.* According to Ms. Lenhardt, she received a copy of Judge Mitchell's R&R on March 1, 2021. Doc. 7 at 1. The court takes plaintiff at her word. So, as it stands, Ms. Lenhardt's deadline to respond is March 15, 2021. *See* Fed. R. Civ. P. 6(a)(1)–(3) (explaining the governing rules for "computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time").

---

[1]  Because Ms. Lenhardt filed the current motion pro se, the court construes her filings liberally and holds them to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not become an advocate for the pro se party. *Id.* Likewise, Ms. Lenhardt's pro se status does not excuse her from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

And, that brings us to Ms. Lenhardt's request for an extension of time. Plaintiff filed her motion on March 4, 2021 (Doc. 7). She requests an additional 14 days to respond to Judge Mitchell's R&R. *Id.* at 2, 8. More or less, these details conclude the court's understanding of plaintiff's motion. But, as the court will explain, these limited details—on their own—still supply a reason to grant the motion.

According to Fed. R. Civ. P. 6(b)(1)–(2), this court may, "for good cause," extend a litigant's deadlines relating to "an act [that] may or must be done within a specified time." And, "discretionary extension[s] should be liberally granted absent a showing of bad faith on the part of the movant . . . ." *United States v. Miller Bros. Const. Co.*, 505 F.2d 1031, 1035 (10th Cir. 1974); *But see Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1151 (10th Cir. 2006) (explaining that discretionary extensions aren't merited when movants fail to supply a "colorable reason why the . . . deadline should have been extended"). So, Ms. Lenhardt needn't present a compelling story to obtain an extension of time. Rather, she need only supply a "colorable" basis. *Id.*

Her request supplies both a colorable and colorful basis for the extension. According to plaintiff, she can't prepare a response to Judge Mitchell's R&R until she files "a lawsuit against the government of her home country (Germany) for withholding and denying to proceed with her application for her passport without any adequate reason given by law." Doc. 7 at 1. So, she asserts, the German government owes her a passport. *Id.* And, she seems to think a passport is important to proving her case here. *Id.*

The court is a bit lost when it comes to plaintiff's litigation strategy. And, the court's finding on her motion shouldn't be misunderstood as an endorsement on the merits of her allegations against defendants. To the contrary, the court reaches only one conclusion here: that

there's no harm in extending her deadline to respond to Judge Mitchell's R&R.  So, the court grants plaintiff's motion.

To bring things full circle, the court finds as follows.  Absent further action by the court, Ms. Lenhardt's deadline to file a response to Judge Mitchell's R&R is March 15, 2021.  But, Ms. Lenhardt says she needs an additional 14 days to file her response.  She provided a "colorable basis" for the requested extension, *Bolden*, 441 F.3d at 1151, and there's no indication of bad faith by plaintiff, *Miller Bros. Const. Co.*, 505 F.2d at 1035.  So, the court will extend the original deadline, in accordance with Fed. R. Civ. P. 6, by 14 days.  **This means Ms. Lenhardt must file her response <u>on or before March 29, 2021</u>**.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Extension of Time to File a Response (Doc. 7) to Magistrate Judge Mitchell's Report and Recommendation (Doc. 5) is granted.

**IT IS FURTHERE ORDERED THAT** the Clerk's Office mail a copy of this Memorandum and Order to Ms. Lenhardt via regular mail and certified mail, return receipt requested.

**IT IS SO ORDERED.**

**Dated this 11th day of March 2021, at Kansas City, Kansas.**

                                      **s/ Daniel D. Crabtree**
                                      **Daniel D. Crabtree**
                                      **United States District Judge**