IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

URSULA LENHARDT,

    Plaintiff,

v.

DEMOCRATIC PARTY HQ, et al.,

    Defendants.

Case No. 21-4001-DDC-ADM

# MEMORANDUM AND ORDER

On January 19, 2021, plaintiff Ursula Lenhardt filed a pro se Complaint alleging a number of claims against the following defendants: (1) Democratic Party HQ; (2) Joe Biden; (3) Kamala Harris; (4) Barack Obama; (5) Hillary Clinton; and (6) Elizabeth Warren. Doc. 1 at 2. Generally, plaintiff's Complaint alleges that defendants contacted her repeatedly over the past year by sending her text messages. She asserts that the text messages asked her to vote for, contribute to, and volunteer with the Democratic Party. Plaintiff's Complaint asserts that defendants' requests violated the law because plaintiff is not a United States citizen.

On February 25, 2021, Magistrate Judge Angel D. Mitchell issued a Report and Recommendation, recommending that the court dismiss her Complaint without prejudice, in part with leave to amend. Doc. 5. On March 29, 2021, plaintiff filed an Objection to Judge Mitchell's Report and Recommendation. Doc. 10. That same day, plaintiff also filed an Amended Complaint, asserting similar allegations against the same defendants.[1] Doc. 11 at 1, 5. Then, on June 8, 2021, plaintiff filed a Motion for Default Judgment. Doc. 12.

---

[1]     Plaintiff's Amended Complaint refers to defendants collectively as "Democratic Party HQ." Doc. 11 at 1 (Am. Compl. ¶ 1). But also, it refers to the individual defendants who plaintiff identifies as "members of the Democratic National Party" and who she named in her original Complaint. *Id*. at 5 (Am.

For reasons explained below, the court finds that Judge Mitchell's Report and Recommendation and plaintiff's Objection to that Report and Recommendation are moot in light of the filing of the Amended Complaint. Nevertheless, as discussed below, plaintiff's Amended Complaint doesn't cure all of the deficiencies with her claims that Judge Mitchell correctly identified in her Report and Recommendation. The court explains why, below. Also, the court denies plaintiff's Motion for Default Judgement.

I.  **Factual and Procedural Background**

Plaintiff's original Complaint alleges that the defendants "contacted (and molested) Plaintiff repeatedly during the past year . . . to do illegal things, like vote for the Democrats, contribute to the Democrats, volunteer for the Democrats and . . . support the Democrats[.]" Doc. 1 at 3–4. Plaintiff alleges defendants sent auto-dialed text messages to her. Doc. 1-1 at 1. She alleges these text messages violated 52 U.S.C. § 30121, a provision of the Federal Election Campaign Act (FECA). Doc. 1 at 3–4. She contends the messages were illegal because she is not a United States citizen. *Id.* Liberally construed, plaintiff's original Complaint also asserts a violation of the Telephone Consumer Protection Act (TCPA) because plaintiff alleges that defendants autodialed and initiated these text messages. *See* Doc. 1.

On February 25, 2021, Magistrate Judge Angel D. Mitchell issued a Report and Recommendation. Doc. 5 at 1. The Report and Recommendation: (1) granted plaintiff's Motion for Leave to Proceed in Forma Pauperis (IFP), (2) recommended dismissal of plaintiff's FECA claim *without* leave to amend for failure to exhaust administrative remedies, and (3)

---

Compl. ¶ 10). Liberally construing plaintiff's Complaint—as the court must—the court construes it to allege claims against the Democratic National Committee ("DNC") and the individual defendants named in the Complaint.

2

recommended the dismissal of the plaintiff's TCPA claim for failure to state a claim *with* leave to amend for plaintiff to cure its deficiencies. *See* Doc. 5.

On March 29, 2021, plaintiff filed an Objection to the Report and Recommendation (Doc. 10). Plaintiff's Objection to the Report and Recommendation asserts that plaintiff corrected the deficiencies in her TCPA claim by filing an Amended Complaint. Doc. 10 at 1. Plaintiff's Objection suggests that her Amended Complaint asserts only TCPA claims against the defendants. Doc. 10 at 2 ("Plaintiff's Complaint is brought only under the TCPA in accordance with applicable FCC rules violations.").

Also on March 29, 2021, plaintiff filed an Amended Complaint. Doc. 11. Plaintiff is entitled to amend her complaint once as a matter of right. Fed. R. Civ. P. 15(a)(1). Plaintiff's Amended Complaint omits the FECA claims and reasserts the TCPA claims against the same defendants. Doc. 11 at 1, 5. Specifically, plaintiff asserts (1) "(Gross-)Negligent VIOLATIONS" of the TCPA, violating 47 U.S.C. § 227(b) and (2) "Knowing and /or Willfull VIOLATIONS" of the TCPA, violating 47 U.S.C. § 227(b). Doc. 11 at 10–12 (Am. Compl. ¶¶ 27–35). "Plaintiff alleges the receipt of about 300 and forwarded evidences of 123 / 120 on her cellular phone remaining, autodialed messages, received without her prior consent." *Id*. Plaintiff alleges these text messages had "fatal consequences" because the text messages "blocked [plaintiff's] cellular phone completely" and rendered plaintiff unable to provide "the herbal remedy for [a] cancer suffering person." *Id*.

Plaintiff's original Complaint included screen-prints of the text messages at issue attached as "Exhibit A" but plaintiff did not include these messages in her Amended Complaint. Doc. 1-1 at 2–15. But her Amended Complaint refers to Exhibit A filed with her original Complaint. Doc. 11 at 7 (Am. Compl. ¶ 15). Construing her Complaint and Amended

Complaint liberally, the court treats references in the Amended Complaint to the text messages as references to Exhibit A attached to the plaintiff's original Complaint. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (instructing courts to construe pro se litigants' filings liberally).

## II.  Judge Mitchell's Report and Recommendation and Plaintiff's Objection

As already discussed, Judge Mitchell issued a Report and Recommendation, recommending that the court dismiss plaintiff's original Complaint (Doc. 1) without prejudice, in part with leave to amend. Doc. 5. After securing an extension of time (Doc. 9), plaintiff timely filed a written Objection to Judge Mitchell's Report and Recommendation under 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. Rule 72.1.4(b). Doc. 10. Plaintiff then filed an Amended Complaint (Doc. 11) as a matter of right under Fed. R. Civ. P. 15(a)(1). This Amended Complaint supersedes plaintiff's original Complaint. *Smith v. Pham*, No. CIV.A. 03-3451-SAC, 2008 WL 2714368, at *1 (D. Kan. July 10, 2008). So, the court finds Judge Mitchell's Report and Recommendation (Doc. 5) and plaintiff's Objection (Doc. 10) are moot in light of plaintiff filing her Amended Complaint. Nevertheless, the court agrees with the gist of the Report and Recommendation's well-reasoned analysis of the viability of plaintiff's claims. And, it applies that analysis to the claims plaintiff asserts in her Amended Complaint, in the following section.

## III.  Plaintiff's Amended Complaint

Now, the court considers whether plaintiff's Amended Complaint cures the deficiencies that Judge Mitchell identified in her Report and Recommendation. First, the court recites the legal standard that applies to its review of plaintiff's Amended Complaint. Second, it proceeds to consider whether plaintiff has stated plausible claims sufficient to survive dismissal under 28

U.S.C. § 1915. As explained below, liberally construing plaintiff's Amended Complaint, the court concludes that plaintiff fails to establish that she has standing to assert her TCPA claims against Joe Biden, Kamala Harris, Barack Obama, Hillary Clinton, and Elizabeth Warren ("individual defendants"), so the court dismisses the claims against the individuals for lack of Article III standing. But, the court finds plaintiff has alleged a plausible TCPA claim against the Democratic National Committee ("DNC"). So, the court permits plaintiff to proceed with her TCPA claims against the DNC.

### A. Legal Standard

Because plaintiff brings this lawsuit pro se, the court construes her pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall*, 935 F.2d at 1110. But the court does not assume the role of her advocate. *Id*. Also, plaintiff's pro se status does not excuse her from "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id*. Nor is plaintiff relieved from complying with the rules of the court or facing the consequences of noncompliance. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

Under 28 U.S.C. § 1915(e)(2), the court must consider the merits of all cases in which a plaintiff proceeds IFP, and must dismiss any action that it determines "fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii). To determine whether a pro se plaintiff states a plausible claim, the "standard of review for dismissals under § 1915(e)(2)(B)(ii)" is the same as "Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to state a claim. *Id*. The court "accept[s] the facts alleged in the complaint as true and view[s] them in the light most favorable to the plaintiff." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

### B. Plaintiff Fails to Allege She Has Standing to Assert a TCPA Claim Against the Individual Defendants

Plaintiff's Amended Complaint still fails to establish she has standing to assert her TCPA claims against the individual defendants, and for the same reasons Judge Mitchell articulated in her Report and Recommendation.

Standing to sue is elemental to subject matter jurisdiction. The court thus must resolve this threshold question before expressing any opinion about a case's substance. *See Rivera v. IRS*, 708 F. App'x 508, 513 (10th Cir. 2017) ("Under Article III of the Constitution, standing is a prerequisite to subject matter jurisdiction that [courts] must address, *sua sponte* if necessary, when the record reveals a colorable standing issue." (citing *United States v. Ramos*, 695 F.3d 1035, 1046 (10th Cir. 2012))). If the court determines at any time that it does not have subject matter jurisdiction over an action, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

Article III standing requires plaintiff to show that she "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). The traceability element is not met by "the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560–61 (citation and internal quotation marks omitted); *cf. Pederson v. Donald J. Trump for President, Inc.*, 465 F. Supp. 3d 929, 934–35 (D. Minn. 2020) (plaintiffs successfully alleged

6

traceability between a text message and a defendant political entity because the message contained a link to the entity's website).

Plaintiff's Amended Complaint alleges adequately the first element of *Spokeo's* test: an injury in fact. A single text message may give rise to a sufficient injury in fact under the TCPA. *See Pederson*, 465 F. Supp 3d. at 934–35 (allowing a complaint alleging TCPA violations in campaign text messages to proceed having met the injury in fact requirement). Plaintiff alleges she received text messages that violate the TCPA, attached screen-prints of the alleged messages to her original Complaint, and referenced those messages in her Amended Complaint. Doc. 11 at 7 (Am. Compl. ¶ 15). Thus, plaintiff alleges adequately an injury in fact under the TCPA based on the text messages she received.

But, plaintiff fails to allege facts capable of supporting a finding or inference that the text messages at issue are traceable to the conduct of the individual defendants. The Amended Complaint alleges no facts suggesting that any of the individual defendants initiated the text messages. The text messages that plaintiff attached to her original Complaint and references throughout her Amended Complaint contain website links. As Judge Mitchell accurately explained, around 70 of these links direct the reader to a website which states: "Paid for by ActBlue (actblue.com) and not authorized by any candidate or candidate's committee." Doc. 5 at 9. Around 30 of these links direct the reader to a website which states: "Paid for Biden for President, a campaign made up of millions of grassroots donors—and absolutely zero malarkey." *Id*. Plaintiff does not mention Biden for President or ActBlue in her Amended Complaint, nor does plaintiff allege any facts about the relationship between the individual defendants and these entities. Doc. 11. In sum, plaintiff alleges no facts connecting the individual defendants to either ActBlue or Biden for President.

7

Also, plaintiff's Amended Complaint alleges no facts from which a finder of fact could infer plausibly that any of the individual defendants had responsibility for controlling the conduct that, she alleges, violated the TCPA. As Judge Mitchell noted in her Report and Recommendation, "review of the text messages attached to [plaintiff's] Complaint shows that five messages contain links leading to webpages with the statements: 'Paid for by the Democratic National Committee (202) 863-8000' and 'This communication is not authorized by any candidate or candidate's committee.'" Doc. 5 at 11. No reasonable fact finder could find or infer from those statements that any of the individual defendants personally initiated or had control over the conduct allegedly violating the TCPA. Just the opposite, these facts support an inference that the individual defendants had no responsibility for the conduct, and thus plaintiff's Amended Complaint fails to allege traceability between the alleged injury in fact and any conduct by the individual defendants.

True, plaintiff's Amended Complaint asserts vaguely that an agency relationship exists between the individual defendants, but plaintiff alleges no facts supporting this conclusory allegation. Doc. 11 at 5–10. And importantly, none of these conclusory allegations can support a reasonable finding or inference that any of the individual defendants had control over the conduct, or something more than a mere tangential relationship to support the traceability requirement to establish standing. Thus, plaintiff fails to establish traceability between the individual defendants' conduct and her alleged injury in fact. As a consequence, her Amended Complaint fails to allege she has standing to assert her TCPA claims against the individual defendants. So, the court dismisses her TCPA claims against the individual defendants for lack of Article III standing.[2]

---

[2] Standing is required for subject matter jurisdiction. *Colo. Env't Coal. v. Wenker*, 353 F.3d 1221, 1227 (10th Cir. 2004). So, the court lacks jurisdiction to reach the merits of the plaintiff's TCPA claims

### C. Plaintiff's TCPA Claim Against the DNC

Although plaintiff fails to assert plausible TCPA claims against the individual defendants, she has alleged facts that, if true, could suffice to confer standing and state a plausible claim against the Democratic National Committee ("DNC") at this procedural stage. Plaintiff's Amended Complaint names one of the defendants as "Democratic Party HQ" and provides the address as 430 S. Capitol St. SE, Washington, DC 20003, which is the address for the DNC. Doc. 11 at 13; *see also* Democratic National Committee, https://democrats.org/ (last visited June 30, 2021).[3] So, liberally construing plaintiff's Amended Complaint, as it must, the court construes plaintiff's claims as ones asserted against the DNC.

Plaintiff's Amended Complaint alleges facts sufficient to establish Article III standing to assert her TCPA claim against the DNC. Plaintiff asserts an alleged injury in fact by alleging that she received text messages violating the TCPA. Doc. 11 at 7 (Am. Compl. ¶ 15). And, she alleges facts supporting a plausible inference that these messages are traceable to the DNC. As Judge Mitchell found, five of these text messages include links to webpages with statements: "Paid for by the Democratic National Committee" and "This communication is not authorized by any candidate or candidate's committee." Doc. 5 at 11 (referring to text messages attached as

---

against the individual defendants. But the court notes that Judge Mitchell found that plaintiff's original Complaint also failed to state plausible claims for relief against the individual defendants because she never alleged that any individual defendant personally initiated or authorized the text messages at issue. Doc. 5 at 10.

3       The court may take judicial notice of some kinds of factual information contained on a website. *See O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1226 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web."); *see also Buhendwa v. Reg'l Transp. Dist.*, 82 F. Supp. 3d 1259, 1262 n.1 (D. Colo. 2015) (explaining that a court may take judicial notice of information on a state agency's website (citing *Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005))).

Doc. 1-1). Consistent with *Pederson*, these allegations—and specifically the citation to the websites that reference the conduct of the DNC—adequately establish the traceability requirement of Article III standing because they link the injury in fact (text messages) to the actions of the defendant (DNC). So, plaintiff has alleged facts establishing standing to assert her TCPA claim against defendant DNC.

Also, plaintiff's Amended Complaint alleges a plausible TCPA claim against the DNC. A TCPA claim requires the plaintiff to allege "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012); *see also Zean v. Fairview Health Servs.*, 858 F.3d 520, 525–26 (8th Cir. 2017) (explaining a plaintiff "would not have stated a facially plausible claim for TCPA relief without an allegation that [defendant] did not have his 'prior express consent' to make the calls"); *Rotberg v. Jos. A. Bank Clothiers, Inc.*, 345 F. Supp. 3d 466, 474 (S.D.N.Y. 2018) (establishing the three TCPA elements). The initiation of a text message also may satisfy the first element of a TCPA claim. *See Pederson*, 465 F. Supp. 3d at 934.

Here, plaintiff alleges a plausible TCPA claim against the DNC because she alleges facts supporting a finding or inference of each of the three elements that a TCPA claim requires.

*First*, plaintiff alleges that the DNC contacted plaintiff on her cellular telephone, sending her unwanted text messages. Doc. 11 at 1, 7–8 (Am. Compl. ¶¶ 1, 14–18). These facts support a plausible finding or inference of the first element of a TCPA claim.

*Second*, plaintiff alleges the DNC or its agents auto-dialed the text messages she received. Doc. 11 at 4, 7–8 (Am. Compl ¶¶ 7, 14, 18). Also, the text message attachments to plaintiff's original Complaint show that many of the messages were sent from a five-digit code,

"30330." Doc. 1-1 at 2–15. As Judge Mitchell correctly explained, text messages sent from a five-digit number make it plausible to infer that the texts were autodialed. *See Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010) (explaining that allegations defendant sent plaintiff text messages from a five-digit code containing ads supported a plausible inference of autodialing for TCPA purposes). So, plaintiff has alleged facts sufficient to support a plausible finding of inference of the second element of a TCPA claim.

And *third*, plaintiff alleges that she never expressly consented to receiving the messages. Specifically, she alleges that she "never consent[ed] to receiv[ing] these auto-dialed messages." Doc. 11 at 7 (Am. Compl. ¶ 14). Also, she alleges that she never gave "prior express consent to receive unsolicited text-messages." *Id*. at 8 (Am. Compl. ¶ 22). So, plaintiff has alleged facts sufficient to support a finding or inference of a TCPA claim's third element.

At this stage of the case, the court must accept as true plaintiff's plausible allegations of fact. *Twombly*, 550 U.S. at 555. So, the court won't dismiss plaintiff's TCPA claims. In sum, plaintiff has alleged facts sufficient to establish standing and a plausible TCPA claim against DNC.

### D. Plaintiff's Motion for Default Judgment

Federal Rule of Civil Procedure 55 provides a two-step process for securing a default judgment. *Meyers v. Pfizer, Inc.*, 581 F. App'x 708, 710 (10th Cir. 2014). First, Rule 55(a) allows the Clerk to enter default against a party who "has failed to plead or otherwise defend" a lawsuit. Second, after the Clerk enters default, plaintiff may request the Clerk enter judgment in an amount that is "a sum certain or a sum that can be made certain by computation[.]" Fed. R. Civ. P. 55(b)(1). The court has broad discretion to decide whether to enter a default judgment.

*Lewis v. Wyandotte/Leavenworth Area on Aging*, No. 10-CV-2109 JWL/DJW, 2010 WL 2735563, at *3 (D. Kan. July 9, 2010) (Lungstrum, J.).

Here, plaintiff's Motion for Default Judgment fails for two reasons. *First*, plaintiff hasn't moved for an entry of default, before moving for a default judgment under Rule 55(b), as Rule 55(a) requires. *Second*, plaintiff isn't entitled to a default judgment because she fails to come forward with any facts showing that she properly served the DNC.

A "pro se party is not relieved of her obligation to comply with the service of process requirements under Fed. R. Civ. P. 4." *Lewis*, 2010 WL 2735563, at *2. Proof of proper service requires (1) an affidavit of proof of service containing the summons the court issues or (2) an acknowledgment of receipt of summons that complies with local service of process rules, under penalty of perjury. *Davis v. California*, No. 17-2125-JAR-JPO, 2017 WL 2080627, at *1 (D. Kan. May 15, 2017).

Here, plaintiff alleges she mailed her Amended Complaint on March 29, 2021 via first class mail to the DNC. Doc. 11 at 13. Plaintiff never alleges she served the DNC with process complying with Fed. R. Civ. P. 4.[4] Also, plaintiff never has filed an affidavit of proof of service. In her Motion for Default Judgment, plaintiff claims she "served upon the defendants" the Amended Complaint and later, includes a purported affidavit stating "the statements and allegations set forth in the foregoing Request are true and accurate to the best of her knowledge

---

[4] Service may be made by (1) delivering a copy of the summons and complaint to an individual personally, (2) leaving a copy of the summons and complaint at an individual's usual abode with someone of suitable age and discretion who resides there, or (3) delivering a copy of the summons and complaint to an agent authorized by law to receive service of process. Fed. R. Civ. P. 4(e)(2). Also, service may be made on an entity by delivering a copy, or mailing a copy if authorized by statute of the summons and of the complaint to an officer or agent of the entity. Fed. R. Civ. P. 4(h)(1)(b). In Washington D.C., service by mail is allowed when an "entity ceases to have a registered agent, or if its registered agent cannot with reasonable diligence be served[.]" D.C. Code Ann. § 29-104.12(b) (West). Plaintiff does not allege the DNC lacks a registered agent, nor that service by mail is proper. Docs. 11 & 12.

and belief." Doc. 12 at 1, 3. From this statement it is difficult to discern whether plaintiff is asserting under penalty of perjury she properly served the DNC. In any event, plaintiff has failed to provide either a copy of an affidavit containing a summons or an acknowledgment of receipt of summons complying with the laws of the District of Columbia.

Given plaintiff's failure to provide proof of proper service and the ambiguity whether the DNC has any notice of the plaintiff's Amended Complaint, the court denies plaintiff's Motion for Default Judgment for this second reason, exercising the court's broad discretion to grant or deny motions for default judgment.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Judge Mitchell's Report and Recommendation (Doc. 5) and plaintiff's Objection (Doc. 10) to that Report and Recommendation are moot in light of the filing of plaintiff's Amended Complaint.

**IT IS FURTHER ORDERED THAT** plaintiff's Amended Complaint (Doc. 11) is dismissed in part. Plaintiff's TCPA claims against defendants Joe Biden, Kamala Harris, Barack Obama, Hillary Clinton, and Elizabeth Warren are dismissed without prejudice for lack of standing. Plaintiff's TCPA claims asserted against defendant Democratic National Committee state a plausible claim under Fed. R. Civ. P. 12(b)(6) and thus plaintiff may proceed with these claims.

**IT IS FURTHER ORDERED THAT** the plaintiff's Motion for Default Judgment (Doc. 12) is denied.

**IT IS FURTHER ORDERED THAT** the case is referred to Judge Mitchell for further proceedings, including issuing appropriate orders directing the issuance of summons and service on defendant Democratic National Committee.

**IT IS SO ORDERED.**

**Dated this 16th day of July, 2021, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
