## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**URSULA LENHARDT,**

        **Plaintiff,**

**v.**

**DEMOCRATIC NATIONAL
COMMITTEE,**

        **Defendant.**

**Case No. 21-4001-DDC-ADM**

## <u>MEMORANDUM AND ORDER</u>

This Order stems from pro se plaintiff Ursula Lenhardt's pending Motion for Entry of Default (Doc. 18).[1]  Plaintiff's motion complies with Fed. R. Civ. P. 55(a), so the court grants the motion.  Also, the court denies plaintiff's earlier Motion for Order for Clerk to Enter Default Judgment (Doc. 16) because it is untimely.  *Compare* Doc. 16 at 1 (requesting entry of default under Rule 55(a) in a motion filed July 23, 2021), *with* Doc. 17 at 1 (showing that the summons in this case was served on July 29, 2021—*i.e.*, after Ms. Lenhardt requested an entry of default).

Default judgments are governed by Rule 55 of the Federal Rules of Civil Procedure.  It's a two-step process.  *See, e.g.*, *Meyers v. Pfizer, Inc.*, 581 F. App'x 708, 710 (10th Cir. 2014) ("Entry of a default judgment involves a two-step process.").  "The first step involves the court clerk's decision whether to enter a default."  *Id.* (citing Fed. R. Civ. P. 55(a)).  This scenario arises when "the defendant fails to timely respond to the complaint[.]"  *Id.* (citation omitted).  In

---

[1]      Because plaintiff in this matter proceeds pro se, the court construes her filings liberally and holds them to "a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).  But the court does not become an advocate for the pro se party.  *Id.*  Likewise, Ms. Lenhardt's pro se status does not excuse her from complying with the court's rules or facing the consequences of noncompliance.  *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

these situations, a plaintiff may apply to the clerk for a Clerk's Entry of Default under Rule 55(a), which requires the movant to prove, "by affidavit or otherwise," that the opposing party "has failed to plead or otherwise defend" against "judgment for affirmative relief[.]"  Fed. R. Civ. P. 55(a).

Plaintiff's pending motion involves the first step of this process, described above.  *See* Doc. 18 at 1 (citing Fed. R. Civ. P. 55(a)).  And her motion is supported by an Affidavit (Doc. 19).  *See* Fed. R. Civ. P. 55(a) (explaining that a request for entry of default must be supported "by affidavit or otherwise").  The United States Marshals Service served the summons at issue on July 29, 2021.  *See* Doc. 17 at 1.  And the summons explained that "21 days after service of this summons on you (not counting the day you received it) . . . you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure."  *Id.* at 3; *see also* Fed. R. Civ. P. 12(a)(1)(A)(i) (requiring that defendants "must serve an answer" to a complaint "within 21 days after being served with the summons or complaint").  Thus, defendant had until August 19, 2021 to comply with Rule 12(a).  But, to date, defendant hasn't responded.

Accordingly, and because Ms. Lenhardt's filing complies with Rule 55(a)'s requirements for an entry of default, the court grants her Motion for Entry of Default (Doc. 18).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Entry of Default (Doc. 18) is granted.  The court directs the Clerk of Court to prepare an Entry of Default against defendant.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff's Motion for Order for Clerk to Enter Default Judgment (Doc. 16) is denied as untimely.

**IT IS SO ORDERED.**

**Dated this 20th day of September, 2021, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**