IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| URSULA LENHARDT,<br><br>        Plaintiff,<br><br>v.<br><br>DEMOCRATIC NATIONAL COMMITTEE,<br><br>        Defendant. | Case No. 21-4001-DDC-ADM |

## MEMORANDUM AND ORDER

On January 12, 2022, the court granted in part and denied in part pro se plaintiff[1] Ursula Lenhardt's Motion for Default Judgment. Doc. 24. And, the court entered Judgment against defendant Democratic National Committee ("DNC") in the amount of $60,000, plus post-judgment interest. Doc. 25. On September 27, 2022, plaintiff filed a document titled "Request to correct the by Defendant applied weekly Post-Judgment-Interest Rate of 0.41% into the correctly accrued annual Interest Rate of 21.32% for 52 weeks." Doc. 41.[2] Although difficult to understand, plaintiff's filing seems to confirm that defendant has paid her the $60,000 principal amount of the Judgment and "about $146.26 for 217 days" of post-judgment interest. *Id.* at 1;

---

[1] Because plaintiff proceeds pro se, the court construes her filings liberally and holds them to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not become an advocate for the pro se party. *Id.* Likewise, plaintiff's pro se status does not excuse her from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

[2] Plaintiff attached to her motion two articles about the effect of dandelion extract on proteins found in the SARS-CoV-2 virus. *See* Doc. 41-1. The two articles aren't relevant to the request made by plaintiff's pending motion. It seems that plaintiff inadvertently included them with her filing. Thus, the court disregards them.

*see also* Doc. 43 at 1 (conceding in the Reply that plaintiff "received Defendant's check of $60,146.26" (emphasis omitted)).  But plaintiff contends that defendant erred in calculating the amount of post-judgment interest she is owed.  Doc. 41 at 1.  She asserts that defendant erroneously applied a post-judgment interest rate of 0.41% instead of "the accurately accrued rate of 21.32% for one year."  *Id.*  And, plaintiff contends, defendant "need[s] to pay the difference in Post judgment Interest[ ] of $7,558.40 for 218 days[.]"  Doc. 41 at 1 (emphasis omitted).

Defendant DNC has responded to plaintiff's motion.  Doc. 42.  Defendant correctly asserts that 28 U.S.C. § 1961 applies to determine the amount of post-judgment interest owed.  *Id.* at 1.  Indeed, our Circuit has held that "a federal rate of interest . . . applies where jurisdiction is based on a federal question," like it is here.[3]  *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1077 (10th Cir. 2002).  Section 1961 of Title 28 of the United States Code provides that interest "on any money judgment in a civil case recovered in a district court" is "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."  28 U.S.C. § 1961(a).  Also, the statute instructs that interest "shall be computed daily to the date of payment" and "shall be compounded annually."  *Id.* § 1961(b).

Defendant's Response explains how it accurately calculated post-judgment interest under § 1961.  Doc. 42 at 1–2.  *First*, it recognizes that the court entered Judgment on January 12, 2022.  *Id.* at 1 (citing Doc. 25).  *Second*, defendant's Response correctly cites the "weekly

---

[3]   As the court noted in its Order granting in part and denying in part plaintiff's Motion for Default Judgment, the court has subject matter jurisdiction over this lawsuit under 28 U.S.C. § 1331 because plaintiff asserted a federal cause of action under the Telephone Consumer Protection Act.  Doc. 24 at 5 n.2.

2

average 1-year constant maturity Treasury yield for the calendar week preceding the date of judgment—the week ending on January 7, 2022—was .41%." *Id.* at 1–2 (citing Board of Governors of the Federal Reserve System, Data Download Program, H.15 Selected Interest Rates, https://www.federalreserve.gov/datadownload/Choose.aspx?rel=H15). *Third*, defendant accurately explains that annual interest on the amount of the $60,000 Judgment at an annual rate of 0.41% equals $246. *Id.* at 2. *Fourth*, defendant divided the annual interest of $246 by 365 days, producing a daily interest rate of about $0.67 per day. *Id. Fifth*, defendant explains that it paid the Judgment on August 17, 2022, by sending plaintiff a check for $60,146.26, via Federal Express overnight delivery. *Id. Sixth*, defendant correctly asserts that a total of 217 days elapsed between the date of the Judgment—*i.e.*, January 12, 2022—and the date that defendant paid the judgment on August 17, 2022. *Id. Seventh*, defendant calculated the post-judgment interest by multiplying the daily interest rate of $0.67 per day by 217 days for a total amount of accrued interest of $146.26. *Id. Finally*, defendant asserts that it properly satisfied the Judgment by sending plaintiff a check for $60,146.26, representing the $60,000 amount of the Judgment and $146.26 in post-judgment interest. *Id.*

The court finds that defendant properly calculated the post-judgment interest owed to plaintiff. Plaintiff argues that defendant erred by not applying an annual interest rate of 21.32%. But plaintiff never explains how she calculates the purported 21.32% annual interest rate. Also, she cites no authority supporting her assertion that a 21.32% interest rate applies to the post-judgment interest calculation. Instead, her argument conflicts with the plain language of § 1961 which requires the post-judgment interest calculation to use the "rate equal to the weekly average 1-year constant maturity Treasury yield . . . for the calendar week preceding" the date of the

3

Judgment. 28 U.S.C. § 1961(a). As already explained, defendant's calculation of the post-judgment interest complied with this provision of the statute.[4]

Also, plaintiff argues that defendant shorted her one day of interest. She contends that defendant owes her interest for 218 days because she didn't *receive* defendant's payment until August 18, 2022. Again, she cites no authority for her argument that defendant must pay post-judgment interest until her receipt of the payment. And again, her argument directly conflicts with the statute's language which provides explicitly that interest "shall be computed daily *to the date of payment*[.]" *Id.* (emphasis added); *see also BP Expl. & Oil Co. v. Maint. Servs. Inc.*, 313 F.3d 936, 948 (6th Cir. 2002) (holding that "post-judgment interest ceased to accrue on the date [judgment debtor] unconditionally *tendered* payment of the full judgment amount" and not "on the date [judgment debtor] actually made payment into the court-maintained account" (emphasis added)); *Caffey v. UNUM Life Ins. Co.*, 302 F.3d 576, 590–91 (6th Cir. 2002) (holding that plaintiff was entitled to post-judgment interest from the date of the judgment to judgment debtor's "*issuance* of the original check remitting full payment" (emphasis added)); *McCoy v. Whirlpool Corp.*, No. 02-2064-KHV, 2008 WL 5110534, at *4 (D. Kan. Dec. 2, 2008) (holding that post-judgment interest ended when judgment debtor "*tender[ed]* . . . the full amount due under the jury verdict" (emphasis added)). Here, defendant correctly calculated post-judgment interest beginning on the date that the court entered the Judgment "to the date of payment" by defendant—*i.e.*, when it "tendered" the $60,146.26 check via Federal Express to plaintiff on August 17, 2022—just as § 1961 requires. *Id.*

In sum, plaintiff hasn't shown that defendant failed to pay her post-judgment interest as the Judgment requires. To the contrary, defendant has established that it has satisfied the

---

[4] The court recognizes that the statute provides that interest "shall be compounded annually." *Id.* § 1961(b). But that provision doesn't apply here since defendant satisfied the Judgment within one year.

Judgment by paying plaintiff $60,146.26, representing the $60,000 amount of the Judgment and $146.26 in post-judgment interest calculated from the date of the Judgment to the date of defendant's payment. Thus, the court denies plaintiff's "Request to correct the by Defendant applied weekly Post-Judgment-Interest Rate of 0.41% into the correctly accrued annual Interest Rate of 21.32% for 52 weeks."

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's "Request to correct the by Defendant applied weekly Post-Judgment-Interest Rate of 0.41% into the correctly accrued annual Interest Rate of 21.32% for 52 weeks" (Doc. 41) is denied.

**IT IS SO ORDERED.**

**Dated this 21st day of October, 2022, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**