**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**URSULA LENHARDT,**

**Plaintiff,**

**v.**

**DEMOCRATIC NATIONAL COMMITTEE,**

**Defendant.**

**Case No. 21-4001-DDC-ADM**

**MEMORANDUM AND ORDER**

Pro se plaintiff[1] Ursula Lenhardt has filed a Motion to Reconsider (Doc. 45) the court's Memorandum and Order (Doc. 44) denying plaintiff's "Request to correct the by Defendant applied weekly Post-Judgment-Interest Rate of 0.41% into the correctly accrued annual Interest Rate of 21.32% for 52 weeks" (Doc. 41). The grounds "warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (discussing Fed. R. Civ. P. 59(e)'s requirements); *see also* D. Kan. Rule 7.3(b) (explaining reconsideration of non-dispositive orders must be based on "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice"). Plaintiff's Motion to Reconsider satisfies none of the three requirements.

[1] The court construes a pro se litigant's pleadings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff's motion doesn't cite an intervening change in controlling law; it doesn't assert that new evidence is available, and it doesn't explain any need to correct clear error or prevent manifest injustice. Instead, plaintiff asserts the same arguments she made in her earlier motion asking the court to "correct" the amount of post-judgment interest that defendant owes her. Doc. 41. She again asserts—incorrectly—that the court must apply an "accrued annual rate of 21.32%" instead of the "weekly average rate of 0.41%[.]" *Compare* Doc. 45 at 1 *with* Doc. 41 at 1. She cites no legal authority for her argument.[2] And she fails to explain how the court erred by applying an interest rate "'at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment[,]" as 28 U.S.C. § 1961(a) requires. Doc. 44 at 2 (quoting 28 U.S.C. § 1961(a)).

Plaintiff's motion merely is an attempt "to relitigate old matters" and "simply rehash[ ]" arguments she already has asserted and the court already has rejected. *Castanon v. Cathey*, 976 F.3d 1136, 1141 (10th Cir. 2020) (citations and internal quotation marks omitted). Such arguments aren't proper on a motion to reconsider. *Id.* Thus, the court denies plaintiff's Motion to Reconsider (Doc. 45).[3]

[2] Plaintiff asserts that "her bank . . . confirmed that this weekly average of 0.41% . . . needs to be accrued constantly for one year . . . which is 21.32%, for the annual interest rate." Doc. 45 at 3. And she offers to "provide a written, notarized conformation of the Bank." *Id.* Whatever she learned from her bank, it is not proper legal authority sufficient to support her argument that she's entitled to post-judgment interest at this annual interest rate. Instead, § 1961 provides the method for calculating post-judgment interest. And, as the court already has explained, defendant correctly applied that statute to calculate plaintiff's post-judgment interest. Doc. 44 at 2–3.

[3] Plaintiff's motion also includes a "Proposal for Settlement" that has a blank signature line for the "defending party[.]" Doc. 45-1. It proposes to resolve the issue "of partly unpaid judgment by the defending party" by requiring defendant to: (1) pay taxes on her Judgment; (2) issue and mail to plaintiff a valid social security number; (3) issue and forward to plaintiff "her American Citizenship with all benefits that come with it[;]" and (4) initiate the process for plaintiff to receive a U.S. Passport. *Id.* at 1. How the Democratic National Committee—the only defendant in this case—possibly could provide plaintiff a valid Social Security number, grant her American citizenship, or initiate the passport process

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's "Motion to Reconsider" (Doc. 45) is denied.

**IT IS SO ORDERED.**

**Dated this 9th day of November, 2022, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**

are things left unexplained. But plaintiff appears to direct these requests to defendant, not the court, so the court need not address them in this Order.